Michael Kind, Esq.
Nevada Bar No.: 13903
KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com

David H. Krieger, Esq.
Nevada Bar No.: 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
dkrieger@hainesandkrieger.com
*Attorneys for Plaintiff Terry L. Shirley*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Terry L. Shirley,<br><br>        Plaintiff,<br><br>v.<br><br>Ditech Financial LLC, SCE Federal Credit Union, Target National Bank, America Honda Finance Corporation, United Services of America Federal Credit Union, Innovis Data Solutions, Inc. *d/b/a* Innovis, Equifax Information Services LLC, Trans Union, LLC and Experian Information Solutions, Inc.,<br><br>        Defendants. | Case No. 2:18-cv-1605<br><br>**Complaint for Damages Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.**<br><br>**Jury Trial Demanded** |

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**INTRODUCTION**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Report-ing Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Terry L. Shirley ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Defendants Ditech Financial LLC ("Ditech"), SCE Federal Credit Union ("SCE"), Target National Bank ("Target"), America Honda Finance Corporation ("AHF"), United Services of America Federal Credit Union ("USA FCU"), Innovis Data Solutions, Inc. *d/b/a* Innovis

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

("Innovis"), Equifax Information Services LLC ("Equifax"), Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4.     Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

5.     This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 et seq.; 28 U.S.C. §1331; *Smith v. Community Citibank, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6.     This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

## PARTIES

8.     Plaintiff is a natural person residing in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9.     Defendant Ditech is a corporation doing business in the State of Nevada.

10.    Defendant SCE is a corporation doing business in the State of Nevada.

11.    Defendant Target is a corporation doing business in the State of Nevada.

12.    Defendant AHF is a corporation doing business in the State of Nevada.

13.    Defendant USA FCU is a corporation doing business in the State of Nevada.

14.    Defendant Innovis is a corporation doing business in the State of Nevada.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

15. Defendant Equifax is a corporation doing business in the State of Nevada.

16. Defendant Trans Union is a corporation doing business in the State of Nevada.

17. Defendant Experian is a corporation doing business in the State of Nevada.

18. Defendants Ditech, SCE, Target, AHF, and USA FCU are furnishers of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnish information to a consumer credit reporting agency.

19. Defendants Innovis, Trans Union, Experian and Equifax regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. Innovis, Trans Union, Experian and Equifax are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

20. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## GENERAL ALLEGATIONS

21. On or about December 21, 2010, Plaintiff filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §1301 et seq. Plaintiff's case was assigned Case Number 10-33673-abl (the "Chapter 13" or "Bankruptcy").

22. The obligations to each furnisher named herein (as applicable) were scheduled in the Bankruptcy and each respective furnisher-Defendant, or its predecessor in interest, received notice of the Bankruptcy.

23. On October 18, 2013, Plaintiff's Chapter 13 Plan was confirmed (the "Confirmed Chapter 13 Plan" or "Confirmation Order").

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

24. A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. The claim is a right to payment arising from the confirmed plan. *Padilla v. Wells Fargo Home Mortg., Inc. (In re Padilla)*, 379 B.R. 643, 649, 2007 Bankr. LEXIS 2655, *1 (Bankr. S.D. Tex. 2007).

25. Plaintiff made all payments required under the terms of the Confirmed Chapter 13 plan.

26. None of the furnishers named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 et seq.

27. None of the furnishers named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 et seq. while Plaintiff's Bankruptcy was pending to pursue Plaintiff for any *personal* liability.

28. Since the plan was a 100% plan, each furnisher named herein received 100% of the amount Plaintiff owed.

29. Plaintiff received a bankruptcy discharge on July 5, 2016.

30. Further, while the automatic stay was in effect during the Bankruptcy, it was illegal and inaccurate to report any post-Bankruptcy derogatory collection information, which was inconsistent with the Orders entered by the Bankruptcy Court.

31. However, Defendants either reported or caused to be reported inaccurate information as discussed herein after Plaintiff's received her discharge.

32. Additionally, Defendant's inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

33. The Consumer Data Industry Association ("CDIA") publishes the Metro 2 ("Metro 2") reporting standards to assist furnishers with their compliance requirements under the FCRA.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

34. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation `Discharged in bankruptcy' and with a zero balance due").

35. On information and belief, the defendants named herein adopted and at all times relevant implemented the Metro 2 format.

36. On information and belief, each furnisher named herein adopted the Metro 2 reporting standards and at all times relevant implemented the Metro 2 format as an integral aspect of their respective duties under the FCRA to have in place adequate and reasonable policies and procedures to handle investigations of disputed information.

37. The Metro 2 format guidelines for credit reporting are nearly identical for reports made during the "Month BK Filed," "Months Between Petition Filed and BK Resolution," and after "Plan Completed" for Chapter 13 Debtors and furnishers who choose to report post-bankruptcy credit information to CRAs. *See*, *e.g.*, 2015 CDIA Credit Reporting Resource Guide ("2015 Metro 2"), Frequently Asked Question 28(a), at pages 6-21 – 6-22.

38. Thus, many of the consumer reporting fields should be reported the same way both during and after a bankruptcy proceeding, *Id.*, with the following relevant exceptions:

   a.   Current Balance

      i.   For the "Month BK Filed" and "Months Between Petition Filed & BK Resolution," Metro 2 instructs to report the outstanding balance amount. *Id*.

      ii.  However, for the "Plan Confirmed" period, Metro 2 instructs to report the "Chapter 13 plan balance, which should decline as payments are made." *Id*. at 6-22.

iii.   And, for Current Balance reporting when "Plan Completed – All payments made according to plan – no further obligation," Metro 2 instructs to report a current balance of "Zero." *Id*.

b.   Scheduled Monthly Payment Amount:

i.   For the "Month BK Filed" and "Months Between Petition Filed & BK Resolution," Metro 2 instructs to report the "contractual monthly payment amount." *Id*. at 6-21.

ii.   However, for the "Plan Confirmed" period, Metro 2 instructs to report the "Chapter 13 Payment Amount." *Id*. at 6-22.

iii.   And, for Scheduled Monthly Payment Amount reporting when "Plan Completed – All payments made according to plan – no further obligation," Metro 2 instructs to report a current balance of "Zero." *Id*.

39.   Despite Metro 2 Format's instructions, each Defendant named herein failed to conform to the Metro 2 Format when reporting on Plaintiff's accounts after Plaintiff filed Bankruptcy as further set forth below.

40.   In turn, each of the credit reporting agencies named herein, re-reported the inaccurate information, thus violating their duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

41.   To this end, the adverse reporting on Plaintiff's consumer report departed from the credit industry's own reporting standards and was not only inaccurate, but also materially misleading under the CDIA's standards as well.

42.   A "materially misleading" statement is concerned with omissions to credit entries, that in context create misperceptions about otherwise may be factually accurate data.  *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

## — THE TRANS UNION VIOLATIONS —

### Ditech and Trans Union Misreported Credit Information

### Re: Account No. **** 0268

43.  On or about October 26, 2017, Plaintiff disputed Ditech's inaccurate reporting on Plaintiff's Trans Union May 19, 2017 credit report, including by suppressing Plaintiff's current payment status and ongoing timely payments to Ditech, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information. Trans Union's suppression of the Plaintiff's timely payments created an inaccurate and misleading consumer report.

44.  On or about November 11, 2017, Plaintiff received notification from Trans Union that Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

45.  However, Trans Union and Ditech now reported that Plaintiff was "past due" in March 2016. This was inaccurate since Plaintiff timely and fully performed all of her obligations to Ditech in March 2016. Indeed, Plaintiff was current on all of her obligations to Ditech from December 2010 and on.

46.  Accordingly, Plaintiff, again, sent a letter on December 11, 2017, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

47.  Upon receiving that letter, Trans Union timely notified Ditech of Plaintiff's dispute, but Trans Union and Ditech continued reporting inaccurate information.

48.  Trans Union and Ditech were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

49.  However, Plaintiff never received notification from Trans Union that Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

50.  A reasonable investigation by Trans Union and Ditech would have indicated that Plaintiff was current with all of her obligations to Ditech in March 2016.

51.  Trans Union and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

52.  Upon information and belief, Trans Union and Ditech continued to report inaccurate derogatory information on Plaintiff's report.   Specifically, Trans Union and Ditech still reported that Plaintiff was "past due" in March 2016. This was inaccurate since Plaintiff filed bankruptcy in December 2010 and fully performed all obligations to Ditech from December 2010, and was not past due in March 2016.

53.  Trans Union and Ditech, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

54.  Trans Union and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

55.  Due to the failure by Trans Union and Ditech to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

56.  Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Trans Union and Ditech by communicating Plaintiff's dispute with Trans Union and Ditech were fruitless.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

57. Trans Union and Ditech willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

58. Also as a result of the continued inaccurate and negative reporting by Trans Union and Ditech, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, harm to Plaintiff's creditworthiness and emotional distress.

59. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Trans Union and Ditech failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## SCE AND TRANS UNION MISREPORTED CREDIT INFORMATION
## Re: Account No. **** 1020

60. On or about October 26, 2017, Plaintiff disputed SCE's inaccurate reporting on Plaintiff's Trans Union May 19, 2017 credit report, including an inaccurate charge off notation, even though Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by SCE.

61. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

62. Upon receiving that letter, Trans Union timely notified SCE of Plaintiff's dispute, but Trans Union and SCE continued reporting inaccurate information.

63. Trans Union and SCE were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

64. On or about November 11, 2017, Plaintiff received notification from Trans Union that Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

65. A reasonable investigation by Trans Union and SCE would have indicated that Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016 and timely made all payments under the Chapter 13 Plan.

66. Trans Union and SCE failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

67. Trans Union and SCE continued to report inaccurate derogatory information on Plaintiff's report. Specifically, Trans Union and SCE continued to report inaccurately that Plaintiff had an "unpaid balance" and the account was "charged off," without noting that the account was included and discharged in bankruptcy. This was inaccurate and misleading since Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016.

68. On or about December 11, 2017, Plaintiff, again, disputed SCE's inaccurate reporting on Plaintiff's Trans Union credit report, including the inaccurate charge off notation, even though Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Trans Union, in writing, of the incorrect and inaccurate credit information furnished by SCE.

69. Specifically, Plaintiff sent a letter on December 11, 2017, certified, return receipt, to Trans Union, requesting the above inaccurate and incorrect derogatory information be removed.

70. Upon receiving that letter, Trans Union timely notified SCE of Plaintiff's dispute, but Trans Union and SCE continued reporting inaccurate information.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

71.  Trans Union and SCE were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

72.  However, Plaintiff never received notification from Trans Union that Trans Union received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a) (6).

73.  A reasonable investigation by Trans Union and SCE would have indicated that Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016 and timely made all payments under the Chapter 13 Plan.

74.  Trans Union and SCE failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

75.  Upon information and belief, Trans Union and SCE continued to report inaccurate derogatory information on Plaintiff's report.   Specifically, Trans Union and SCE continued to report inaccurately that Plaintiff had an "unpaid balance" and the account was "charged off," without noting that the account was included and discharged in bankruptcy. This was inaccurate and misleading since Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016.

76.  Trans Union and SCE, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

77.  Trans Union and SCE failed to review all relevant information provided by Plaintiff in the dispute to Trans Union, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

78.  Due to the failure by Trans Union and SCE to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

79.   Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Trans Union and SCE by communicating Plaintiff's dispute with Trans Union and SCE were fruitless.

80.   Trans Union and SCE willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.   Plaintiff is, accordingly, eligible for statutory damages.

81.   Also as a result of the continued inaccurate and negative reporting by Trans Union and SCE, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

82.   By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Trans Union and SCE failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## — THE INNOVIS VIOLATIONS —

### DITECH AND INNOVIS MISREPORTED CREDIT INFORMATION

### Re: Account No. **** 0268

83.   On or about October 26, 2017, Plaintiff disputed Ditech's inaccurate reporting on Plaintiff's Innovis May 16, 2017 credit report, including inaccurate "past due" notations and other inaccuracies, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Innovis, in writing, of the incorrect and inaccurate credit information furnished by Ditech.

84.   Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Innovis, requesting the above inaccurate and incorrect derogatory information be removed.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

85. Upon receiving that letter, Innovis timely notified Ditech of Plaintiff's dispute, but Innovis and Ditech continued reporting inaccurate information.

86. Innovis and Ditech were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

87. On or about November 11, 2017, Plaintiff received notification from Innovis that Innovis received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

88. A reasonable investigation by Innovis and Ditech would have indicated that Plaintiff filed for bankruptcy in December 2010 and timely made all payments under the Chapter 13 Plan.

89. Innovis and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Innovis, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

90. Innovis and Ditech continued to report inaccurate derogatory information on Plaintiff's report. Specifically, Innovis and Ditech continued to report inaccurately that Plaintiff was "past due" in March 2016. This was inaccurate since Plaintiff filed bankruptcy in December 2010 and fully performed all obligations to Ditech from December 2010, and was not past due in March 2016.

91. Innovis and Ditech, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

92. Innovis and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Innovis, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

93. Due to the failure by Innovis and Ditech to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

94.  Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Innovis and Ditech by communicating Plaintiff's dispute with Innovis and Ditech were fruitless.

95.  Innovis and Ditech willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.   Plaintiff is, accordingly, eligible for statutory damages.

96.  Also as a result of the continued inaccurate and negative reporting by Innovis and Ditech, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

97.  By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Innovis and Ditech failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## — THE EXPERIAN VIOLATIONS —

### DITECH AND EXPERIAN MISREPORTED CREDIT INFORMATION

### Re: Account No. **** 0268

98.  On or about October 26, 2017, Plaintiff disputed Ditech's inaccurate reporting on Plaintiff's Experian May 17, 2017 credit report, including inaccurate "past due" notations, among other things, even though Plaintiff filed bankruptcy on December 21, 2010 and was current with all of her obligations from that date, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Ditech.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

99. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be corrected.

100. Upon receiving that letter, Experian timely notified Ditech of Plaintiff's dispute, but Experian and Ditech continued reporting inaccurate information.

101. Experian and Ditech were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

102. On or about November 10, 2017, Plaintiff received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

103. A reasonable investigation by Experian and Ditech would have indicated that Plaintiff file for bankruptcy and timely made all payments under the Chapter 13 Plan.

104. Experian and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

105. Experian and Ditech continued to report inaccurate derogatory information on Plaintiff's report.   Specifically, Experian and Ditech continued to report inaccurately that Plaintiff was "past due" in March 2016.  This was inaccurate since Plaintiff filed bankruptcy in December 2010 and fully performed all obligations to Ditech from December 2010, and was not past due in March 2016.

106. Experian and Ditech, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

107. Experian and Ditech failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

108. Due to the failure by Experian and Ditech to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

109. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Experian and Ditech by communicating Plaintiff's dispute with Experian and Ditech were fruitless.

110. Experian and Ditech willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.  Plaintiff is, accordingly, eligible for statutory damages.

111. Also as a result of the continued inaccurate and negative reporting by Experian and Ditech, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

112. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and Ditech failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### EXPERIAN MISREPORTED CREDIT INFORMATION
### Re: BOA Account No. **** 1793

113. On or about October 26, 2017, Plaintiff disputed Bank of America ("BOA") inaccurate reporting on Plaintiff's Experian May 17, 2017 credit report, including inaccurate "past due" notations, even though Plaintiff filed

bankruptcy on December 21, 2010 and received a discharge on July 5, 2016, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by BOA.

114. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed.

115. Experian was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

116. However, Plaintiff never received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

117. A reasonable investigation by Experian would have indicated that Plaintiff filed for bankruptcy and timely made all payments under the Chapter 13 Plan and thereafter received a bankruptcy discharge.

118. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i.

119. Upon information and belief, Experian continued to report inaccurate derogatory information on Plaintiff's report.  Upon information and belief, Experian continued to report inaccurately that Plaintiff was past due in 2011 and 2012.  This was inaccurate and misleading since Plaintiff filed bankruptcy on December 21, 2010, timely made all payments under the Chapter 13 Plan and received a discharge on July 5, 2016.

120. Experian, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

121. Experian failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i.

122. Upon information and belief, Experian failed to notify BOA of Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

123. Due to the failure by Experian to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i, thereby causing continued reporting of inaccurate information in violation of the FCRA.

124. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Experian by communicating Plaintiff's dispute with Experian and BOA were fruitless.

125. Experian willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.   Plaintiff is, accordingly, eligible for statutory damages.

126. Also as a result of the continued inaccurate and negative reporting by Experian, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

127. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Experian failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i.

### TARGET AND EXPERIAN MISREPORTED CREDIT INFORMATION
### Re: Account No. **** 2037

128. On or about October 26, 2017, Plaintiff disputed Target's inaccurate reporting on Plaintiff's Experian May 17, 2017 credit report, including inaccurate "past due" notations, even though Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Experian, in writing, of the incorrect and inaccurate credit information furnished by Target.

129. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Experian, requesting the above inaccurate and incorrect derogatory information be removed.

130. Upon receiving that letter, Experian timely notified Target of Plaintiff's dispute, but Experian and Target continued reporting inaccurate information.

131. Experian and Target were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

132. However, Plaintiff never received notification from Experian that Experian received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

133. A reasonable investigation by Experian and Target would have indicated that Plaintiff filed for bankruptcy and timely made all payments under the Chapter 13 Plan.

134. Experian and Target failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

135. Upon information and belief, Experian and Target continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Experian and Target continued to report inaccurately that Plaintiff was "$6,276 past due as of July 2011.   This was inaccurate and misleading since Plaintiff filed bankruptcy on December 21, 2010, timely made all payments under the bankruptcy plan and received a discharge on July 5, 2016.

136. Experian and Target, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

137. Experian and Target failed to review all relevant information provided by Plaintiff in the dispute to Experian, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

138.  Due to the failure by Experian and Target to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

139.  Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Experian and Target by communicating Plaintiff's dispute with Experian and Target were fruitless.

140.  Experian and Target willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.   Plaintiff is, accordingly, eligible for statutory damages.

141.  Also as a result of the continued inaccurate and negative reporting by Experian and Target, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

142.  By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Experian and Target failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### — THE EQUIFAX VIOLATIONS —

### AHF and Equifax Misreported Credit Information

### Re: Account No. **** 8110

143.  On or about October 26, 2017, Plaintiff disputed AHF's inaccurate reporting on Plaintiff's Equifax May 17, 2017 credit report, including an inaccurate scheduled payment amount of $423, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by AHF.  AHF's and Equifax's reporting of a scheduled

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

payment amount of $423 was inaccurate since Plaintiff owed a $0 balance and the account was closed in March 2009.  Plaintiff owed AHF a $0 balance and it was inaccurate to report that Plaintiff was scheduled to pay $423.

144. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

145. Upon receiving that letter, Equifax timely notified AHF of Plaintiff's dispute, but Equifax and AHF continued reporting inaccurate information.

146. Equifax and AHF were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

147. On or about November 20, 2017, Plaintiff received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

148. A reasonable investigation by Equifax and AHF would have indicated that Plaintiff's account was closed in March 2009.  A reasonable investigation by Equifax and AHF would have indicated that Plaintiff owed a $0 balance.

149. Equifax and AHF failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

150. Equifax and AHF continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Equifax and AHF still reported that Plaintiff owed an inaccurate scheduled payment amount of $423.  This was inaccurate since Plaintiff's account was closed in March 2009.  Plaintiff owed AHF a $0 balance and it was inaccurate and misleading to report that Plaintiff was scheduled to pay $423.

151.  Equifax and AHF, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

152.  Equifax and AHF failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

153.  Due to the failure by Equifax and AHF to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

154.  Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Equifax and AHF by communicating Plaintiff's dispute with Equifax and AHF were fruitless.

155.  Equifax and AHF willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.  Plaintiff is, accordingly, eligible for statutory damages.

156.  Also as a result of the continued inaccurate and negative reporting by Equifax and AHF, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, harm to Plaintiff's creditworthiness and emotional distress.

157.  By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax and AHF failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**Equifax Misreported Credit Information**

**Re: Account No. **** 1704**

158. On or about October 26, 2017, Plaintiff disputed Provident's inaccurate reporting on Plaintiff's Equifax May 17, 2017 credit report, including an inaccurate scheduled payment amount of $1,780, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by Provident.  Equifax's reporting of a scheduled payment amount of $1,780 was inaccurate since Plaintiff owed a $0 balance and the account was closed in September 2007.  Plaintiff owed Provident a $0 balance and it was inaccurate to report that Plaintiff was scheduled to pay $1,780.

159. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

160. Upon receiving that letter, Equifax timely notified Provident of Plaintiff's dispute, but Equifax continued reporting inaccurate information.

161. Equifax was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

162. However, Plaintiff never received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

163. A reasonable investigation by Equifax would have indicated that Plaintiff's account was closed in September 2007.   A reasonable investigation by Equifax would have indicated that Plaintiff owed a $0 balance.

164. Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i.

165. Upon information and belief, Equifax continued to report inaccurate derogatory information on Plaintiff's report.   Equifax still reported that

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

Plaintiff owed an inaccurate scheduled payment amount of $1,780.  This was inaccurate since Plaintiff's account was closed in September 2007.  Plaintiff owed Provident a $0 balance and it was inaccurate and misleading to report that Plaintiff was scheduled to pay $1,780.

166. Equifax, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

167. Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

168. Due to the failure by Equifax to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i.

169. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Equifax by communicating Plaintiff's dispute with Equifax were fruitless.

170. Equifax willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.  Plaintiff is, accordingly, eligible for statutory damages.

171. Also as a result of the continued inaccurate and negative reporting by Equifax, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, harm to Plaintiff's creditworthiness and emotional distress.

172. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**SCE AND EQUIFAX MISREPORTED CREDIT INFORMATION**

**Re: Account No. **** 1020**

173. On or about October 26, 2017, Plaintiff disputed SCE's inaccurate reporting on Plaintiff's Equifax May 17, 2017 credit report, including an inaccurate first delinquency date, date of major delinquency and a "charge off" status, even though Plaintiff filed bankruptcy on December 21, 2012 and received a discharge on July 5, 2016, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by SCE.

174. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

175. Upon receiving that letter, Equifax timely notified SCE of Plaintiff's dispute, but Equifax and SCE continued reporting inaccurate information.

176. Equifax and SCE were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

177. However, Plaintiff never received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

178. A reasonable investigation by Equifax and SCE would have indicated that Plaintiff filed for bankruptcy, timely made all payments under the Chapter 13 Plan, and received a bankruptcy discharge.

179. Equifax and SCE failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

180. Upon information and belief, Equifax and SCE continued to report inaccurate derogatory information on Plaintiff's report.  Specifically, Equifax and SCE continued to report inaccurately that Plaintiff's first delinquency was in May

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

2014, when Plaintiff filed Bankruptcy on December 21, 2010.   The first delinquency date should have been no later than the Bankruptcy filing date. By reporting a first delinquency later than the Bankruptcy filing date Equifax caused the first delinquency to remain on Plaintiff's credit reported longer than allowed under the FCRA's obsolescence period codified at 15 U.S.C. § 1681c(a).   Equifax's "re-aging" of this debt is illegally causing the trade line to remain on Plaintiff's credit report longer than legally permissible.

181. Equifax and SCE also continued to report inaccurately that Plaintiff's first major delinquency was in July 2012, when Plaintiff filed Bankruptcy on December 21, 2010.  The first major delinquency date should have been no later than the Bankruptcy filing date. By reporting a first delinquency later than the Bankruptcy filing date Equifax caused the first delinquency to remain on Plaintiff's credit reported longer than allowed under the FCRA's obsolescence period codified at 15 U.S.C. § 1681c(a).  Equifax's "re-aging" of this debt is illegally causing the trade line to remain on Plaintiff's credit report longer than legally permissible.

182. Equifax and SCE also continued to report that Plaintiff's account had a status of "charged off." This was inaccurate and misleading since Plaintiff filed bankruptcy on December 21, 2010 and received a discharge on July 5, 2016.

183. Equifax and SCE, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

184. Equifax and SCE failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

185. Due to the failure by Equifax and SCE to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

186. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Equifax and SCE by communicating Plaintiff's dispute with Equifax and SCE were fruitless.

187. Equifax and SCE willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.  Plaintiff is, accordingly, eligible for statutory damages.

188. Also as a result of the continued inaccurate and negative reporting by Equifax and SCE, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, damage to Plaintiff's creditworthiness and emotional distress.

189. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax and SCE failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

### USA FCU and Equifax Misreported Credit Information
### Re: Account No. **** 0074

190. On or about October 26, 2017, Plaintiff disputed USA FCU's inaccurate reporting on Plaintiff's Equifax May 17, 2017 credit report, including an inaccurate scheduled payment amount of $386, pursuant to 15 U.S.C. § 1681i(a)(2) by notifying Equifax, in writing, of the incorrect and inaccurate credit information furnished by USA FCU.   USA FCU's and Equifax's reporting of a scheduled payment amount of $386 was inaccurate since Plaintiff owed a $0 balance and the account was closed in August 2007. Plaintiff owed USA FCU a $0 balance and it was inaccurate to report that Plaintiff was scheduled to pay $386.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

191. Specifically, Plaintiff sent a letter on October 26, 2017, certified, return receipt, to Equifax, requesting the above inaccurate and incorrect derogatory information be removed.

192. Upon receiving that letter, Equifax timely notified USA FCU of Plaintiff's dispute, but Equifax and USA FCU continued reporting inaccurate information.

193. Equifax and USA FCU were required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i and 15 U.S.C. §1681s-2(b).

194. However, Plaintiff never received notification from Equifax that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).

195. A reasonable investigation by Equifax and USA FCU would have indicated that Plaintiff's account was closed in August 2007. A reasonable investigation by Equifax and USA FCU would have indicated that Plaintiff owed a $0 balance.

196. Equifax and USA FCU failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B).

197. Equifax and USA FCU continued to report inaccurate derogatory information on Plaintiff's report. Specifically, Equifax and USA FCU still reported that Plaintiff owed an inaccurate scheduled payment amount of $386. This was inaccurate since Plaintiff's account was closed in August 2007. Plaintiff owed USA FCU a $0 balance and it was inaccurate and misleading to report that Plaintiff was scheduled to pay $386.

198. Equifax and USA FCU, upon receipt of Plaintiff's dispute, failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(A), respectively.

199. Equifax and USA FCU failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(B), respectively.

200. Due to the failure by Equifax and USA FCU to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681-s(2)(b)(1)(C).

201. Plaintiff's continued efforts to correct the erroneous and negative reporting of the Debt by Equifax and USA FCU by communicating Plaintiff's dispute with Equifax and USA FCU were fruitless.

202. Equifax and USA FCU willfully continued to inaccurately and negatively report the debt because they had knowledge of the actual error.  Plaintiff is, accordingly, eligible for statutory damages.

203. Also as a result of the continued inaccurate and negative reporting by Equifax and USA FCU, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging Defendants' inaccurate reporting, harm to Plaintiff's creditworthiness and emotional distress.

204. By inaccurately reporting account information relating to the debt after notice and confirmation of their errors, Equifax and USA FCU failed to take the appropriate measures as required under 15 U.S.C.§§ 1681i and 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

**EQUIFAX FAILED TO REPORT COMPLETE INFORMATION ABOUT**

**DITECH ACCOUNT NO. **** 0268**

205. On or about May 17, 2017, Plaintiff requested a consumer file from Equifax and included proper identification, including a driver's license and social security card.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

206. Equifax thereafter sent Plaintiff an incomplete consumer file dated May 17, 2017 (the "Credit File").

207. Specifically, Equifax, rather than provide a "complete" and "accurate" Credit File to Plaintiff, "suppressed" positive data being furnished from Ditech thereby depriving Plaintiff of positive credit data which would have provided Plaintiff a true "fresh start" after filing Bankruptcy.   However, Equifax alternatively failed to report timely mortgage payments on the Property reported by Ditech.

208. This failure caused Plaintiff's Credit File to include materially misleading omissions, which created misperceptions about Plaintiff's timely monthly payments to Ditech.

209. Specifically, Ditech furnished positive credit data to Equifax stating that Plaintiff's account was "current" with all ongoing monthly payment obligations from April 2017 (the "Suppressed Positive Data").

210. However, Equifax failed to include the Suppressed Positive Data in Plaintiff's Credit File.

211. Accordingly, on or about October 26, 2017, pursuant to 15 U.S.C. §1681i(a)(2), Plaintiff disputed Equifax's incomplete reporting by notifying Equifax, in writing, of the incomplete and inaccurate credit information contained in Plaintiff's Credit File.

212. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax (the "Equifax Dispute Letter"), requesting the above incomplete and misleading information omissions be corrected to include the Suppressed Positive Data.

213. Plaintiff included proof of the Suppressed Positive Data, which was provided directly by Ditech to Plaintiff.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

214.   In relevant part, the Equifax Dispute Letter stated:

As you can see from your credit file and attached documents regarding this account, I maintained the above mortgage account with Ditech Financial LLC and you are not reporting complete information about this account.   Specifically, I obtained information directly from Ditech Financial LLC in response to an information request from Ditech Financial LLC in which Ditech Financial LLC provided proof (which I am attaching) it furnished to you that I was "current" with my payments from April 2017 (the "Positive Credit Data"). However, you did not include all this information in my attached credit file and reporting this information is necessary to provide "complete" information about this tradeline and will provide a complete picture of my "positive" payment history with Ditech Financial LLC.

It is therefore plainly evident that you are impermissibly suppressing the Positive Credit Data and depriving me of complete and accurate credit reporting furnished about this account.   Accordingly, please stop suppressing this information and report the Positive Credit Data.   Your failure to report this data is lowering my credit score and further in violation of your reporting duties to report complete information about my account.

215.   Indeed, the Equifax Dispute Letter clearly laid out the Suppressed Positive Data which Equifax failed to include in Plaintiff's Credit File.

216.   After receiving the Equifax Dispute Letter, Equifax was required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

217.   On or about November 20, 2017, Plaintiff received notification from Equifax through its "reinvestigation" that Equifax received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).   However, Equifax failed to properly correct Plaintiff's Credit File to include the Suppressed Positive Data in Ditech's updated tradeline.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

218. A reasonable investigation by Equifax would have updated Plaintiff's Ditech account to include the Suppressed Positive Data.

219. Equifax therefore failed to conduct a reasonable investigation as required by 15 U.S.C. §1681i(a), and wrongly continued suppressing complete and accurate information in connection with Plaintiff's Credit File.

220. Equifax failed to review all relevant information provided by Plaintiff in the dispute to Equifax, as required by and in violation of 15 U.S.C. § 1681i.

221. Equifax re-reported inaccurate, incomplete and misleading information on Plaintiff's Credit File.   Specifically, April 2017 of the Suppressed Positive Data continued to remain suppressed and willfully omitted from Plaintiff's Credit File.  Indeed, April 2017 of the the Suppressed Positive Data remained suppressed, negatively impacting Plaintiff's credit score and creditworthiness.

222. Equifax, therefore, upon receipt of Plaintiff's dispute, failed to conduct an investigation as required by 15 U.S.C. §1681i(a).

223. Furthermore, Equifax violated 15 U.S.C. § 1681e(b) when it failed to follow procedures to assure the maximum possible accuracy of the Ditech tradeline. Equifax's violation perfected when it rereported the disputed Ditech information on its notice to Plaintiff of the results of its reinvestigation.

224. Equifax also violated 15 U.S.C. § 1681g.  Under section 1681g, Equifax was required to disclose to Plaintiff all information in Plaintiff's consumer file. By omitting the Suppressed Positive Data (in Plaintiff's consumer file), Equifax violated 15 U.S.C. § 1681g.

225. Plaintiff's efforts to correct Equifax's patently incorrect and materially misleading reporting were fruitless, resulting in this lawsuit. Because even after Plaintiff provided Equifax with Ditech's own documents which clearly contradicted Equifax own reporting, Equifax willfully violated its duties under sections 1681i(a) and 1681e(b).

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

226.  Equifax's continued incomplete and inaccurate reporting of Plaintiff's credit history, including the suppression of the Suppressed Positive Data, in light of its knowledge of the actual errors and omissions was willful.   Plaintiff is, accordingly, eligible for statutory and punitive damages.

227.  Also as a result of Equifax's continued incomplete and inaccurate reporting of Plaintiff's credit history, including the suppression of the Suppressed Positive Data, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Equifax's wrongful omissions, damage to Plaintiff's creditworthiness and emotional distress.

228.  By reporting incomplete and inaccurate account information relating to Plaintiff's credit history, including the suppression of positive account history on Plaintiff's Ditech's Account after notice and confirmation of its errors, Equifax failed to take the appropriate measures as required under 15 U.S.C. §§1681i(a) and 1681e(b).

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et Seq.*

229.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

230.  The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, *et seq.*.

231.  As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

232.   As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA; and

- Any other relief the Court may deem just and proper.

KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148

**TRIAL BY JURY**

233.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 25th day of August 2018.

Respectfully submitted,

**Kazerouni Law Group, APC**
By: /s/ Michael Kind
Michael Kind, Esq.
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*